# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

    v.                                                                 No. 1:18-cr-2672-WJ

JAVIER JAQUEZ,
FREDDIE SANCHEZ, and
KEVIN GARCIA-SALAS,

      Defendants.

## MEMORANDUM OPINION AND ORDER ON DEFENDANTS' MOTION TO REFER THE MATTER TO ANOTHER JUDGE FOR SETTLEMENT FACILITATION

**THIS MATTER** is before the Court on Defendants' Joint Opposed Motion to Refer the Matter to Another Judge for Settlement Facilitation [Doc. 134], filed January 28, 2020. Defendants "believe that the assistance of a neutral third party Judge would be helpful to the parties in determining an appropriate disposition of the case" and that "[a]llowing the Parties to take part in the requested facilitation would be in the best interests of judicial economy and justice." Doc. 134 at 3. The United States opposes Defendants' request explaining that it is "wholly improper and invites a violation of Rule 11." Doc. 136 at 2.

Rule 11 explicitly prohibits judicial participation in plea negotiations: "An attorney for the government and the defendant's attorney, or the defendant when proceeding pro se, may discuss and reach a plea agreement. *The court must not participate in these discussions*." Fed. R. Crim. P. 11(c)(1) (*emphasis* added). The Rules define "[c]ourt" as "a federal judge performing functions authorized by law," which includes "a magistrate judge." *Id.* at 1(b)(2) and (3).

The Supreme Court has also weighed in on Rule 11(c)(1) explaining that its prohibition of

judicial involvement in plea discussions extends to the participation of magistrate judges. *United States v. Davila*, 569 U.S. 597, 608 (2013). In *Davila*, the defendant sent a letter to the court requesting a new attorney. That request was referred to a magistrate judge who, during an *in camera* hearing, made numerous comments urging the defendant to plead guilty because it was an "open and shut case." *Id.* at 601-603. The Supreme Court's main question in *Davila* was not whether the magistrate judge's participation in the plea discussions violated Rule 11(c)(1), because "there [was] no room for doubt on that score," but whether that error warranted automatic vacatur in light of Rule 11's harmless error provision. *Id.* at 606-13.

In the eighteen years the undersigned has been a judge in this court, there have been a few criminal cases that were referred to mediation before judges not involved in the cases; however, those few instances occurred only when both the particular Defendant **and** the United States consented to the mediation and the mediator. Those circumstances are not present in the instant case. In fact, given the United States opposition to Defendant's request, the motion should not have been filed in the first place because it was essentially dead on arrival when it came before the Court.

**IT IS THEREFORE ORDERED** that Defendants' Joint Opposed Motion to Refer the Matter to Another Judge for Settlement Facilitation [Doc. 134] is **DENIED** for the reasons stated in this Memorandum Opinion and Order.

_____
**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**