IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

      v.                                      Criminal No. 18-2672-1-WJ

JAVIER JAQUEZ,

      Defendant.

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANT'S MOTION TO FILE AN UNTIMELY APPEAL**

**THIS MATTER** comes before the Court upon Defendant Javier Jaquez's pro se[1] "Motion to Accept out of time Notice of Appeal" (**Doc. 242**) as well as the United States' Response in Opposition (**Doc. 245**). After reviewing the filings and applicable law, the Court concludes Jaquez's motion must be **DENIED**.

**BACKGROUND**

In 2018, Jaquez was Indicted on drug and gun charges (**Doc. 13**). A Superseding Indictment (**Doc. 61**), Second Superseding Indictment (**Doc. 86**), and Third Superseding Indictment (**Doc. 104**) followed. Later, Jaquez pleaded guilty—pursuant to a Plea Agreement (**Doc. 181**).

Prior to sentencing, a Presentence Report ("PSR") was prepared. *See* **Doc. 198**. The PSR calculated Jaquez's advisory Guidelines range to be 384–465 months. ***Id.* at ¶¶ 113–115**; *see also* **Doc. 237 at 2**. At sentencing, the United States asked for a low-end sentence of 384 months. *See* **Doc. 214**. Defense counsel moved for a downward variance and departure to the statutory

---

[1] Because Jaquez appears pro se, the Court construes his filing liberally. *See Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010) (Holmes, J.).

minimum. **Doc. 209**. Ultimately, the Court imposed a low-end Guideline sentence, *see* **Doc. 237 at 2**, and Judgment was entered on September 3, 2021 (**Doc. 238**). No appeal was filed.

### DISCUSSION

### I. This Court's Limited Authority to Extend the Appeals Timeline

Nearly four years after the entry of Judgment, Jaquez wants to appeal his case. *See* **Doc. 242**. The United States argues this Court "has no authority to extend" Jaquez's time to appeal beyond 44 days—relying on Fed. R. App. P. 4 (**Doc. 245 at 1–4**). The United States is correct.

In some circumstances, a district court may extend the time to appeal upon a finding of excusable neglect or good cause. *See* Fed. R. App. P. 4(b)(4). But this Court's authority to extend an appeal deadline is "strictly limited." *United States v. Verdin-Garcia*, 707 F. App'x 559, 560 (10th Cir. 2017) (unpublished). Under Rule 4, a district court can only extend the time to file an appeal by an additional 30 days. This means the Court can only extend the deadline up to "44 days from the date of entry of judgment." *United States v. Powell*, 663 F. App'x 616, 618 (10th Cir. 2016) (unpublished); *see also United States v. Marsh*, 944 F.3d 524, 531 (4th Cir. 2019) ("The upshot, then, is a maximum period of 44 days after judgment in which to file a criminal appeal under Rule 4(b)."); *United States v. Dotz*, 455 F.3d 644, 647 (6th Cir. 2006) ("A district court has the discretion to consider a motion to extend the time for appeal beyond the 14-day deadline *if and only if* it is filed within 30 days after the 14-day deadline." (cleaned up)).

Here, Jaquez's motion comes over three-and-a-half years after the entry of Judgment. *Compare* **Doc. 238** (filed September 3, 2021), *with* **Doc. 242** (filed June 12, 2025). And the United States invoked the time bar under Rule 4's "inflexible claim-processing rule." *United States v. Mitchell*, 518 F.3d 740, 744 (10th Cir. 2008). This is dispositive.

\* \* \*

But even assuming the United States hadn't invoked the claim-processing rule, Jaquez's motion would still be denied. That's because this Court can only extend the time to appeal upon a finding of "excusable neglect or good cause." Fed. R. App. P. 4(b)(4). Neither exist here.

After reviewing the "excusable neglect" standard, *see United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004), the Court finds: (1) the United States would be unfairly prejudiced, (2) the length of delay is extreme, (3) the reasons averred by Jaquez are unmoving, and (4) it does not appear this request is made in good faith. *See also United States v. Batton*, 687 F. App'x 680, 681 (10th Cir. 2017) (unpublished) (explaining delay is "perhaps the most important single factor").

Jaquez fares no better regarding an extension for "good cause." That's because he cannot establish "there is no fault" on his end. *United States v. Munoz*, 664 F. App'x 713, 715 (10th Cir. 2016) (unpublished). Nothing in Jaquez's filing says he just learned that his case wasn't appealed. Nor does he allege any facts that would establish "no fault" on his end for not seeking an extension of time in 2022, 2023, or 2024.

At the end of the day—and under the facts presented here—this Court lacks the authority to extend the notice of appeal for months (let alone years). *See United States v. Norwood*, 755 F. App'x 813, 815 (10th Cir. 2018) ("[E]ven if [Defendant] demonstrated excusable neglect or good cause, which he has not, the rule permits just a single 30-day extension," meaning the motion "would be untimely even if a 30-day extension had been granted.").

## II. Potential Habeas Claim

Jaquez contends that his attorney told him his "case would be appealed," **Doc. 242 at 5**, but it wasn't. Thus, Jaquez says this Court should "accept an out-of-time notice of appeal." *Id.*

To be sure, there are scenarios where an attorney's failure to file a timely notice of appeal warrants relief. *See, e.g., United States v. Snitz*, 342 F.3d 1154, 1155–56 (10th Cir. 2003) ("[A] lawyer who disregards specific instructions to perfect a criminal appeal acts in a manner that is both professionally unreasonable and presumptively prejudicial."); *United States v. Garrett*, 402 F.3d 1262, 1266–67 (10th Cir. 2005); *cf. United States v. Jones*, 753 F. App'x 627, 630 (10th Cir. 2018) (unpublished). Notably, though, all of these cases arise in the habeas context.

Jaquez's motion isn't a habeas petition. *But cf.* **Doc. 242 at 6 & 8** (arguing, perhaps, "ineffective assistance of counsel"). Rather, he simply asks permission to pursue a direct appeal (after waiting[2] more than three years). If Jaquez has a remedy, it can't come from this Court extending the appeal deadline beyond what the Federal Rules or case law permit. Without commenting any further, the Court simply parrots what the United States said in its Response: "Accepting as true the allegations in [Jaquez's] motion, it is possible he could pursue an action for ineffective assistance of counsel under 28 U.S.C. § 2255." **Doc. 245 at 3–4**.

## CONCLUSION

The law is clear: Jaquez forfeited his right to appeal by waiting more than 44 days (beyond the combined 14-day appeal period and the 30-day extension period). *See* Fed. R. App. P. 4(b)(1)(A) & (b)(4). This Court does not find any excusable neglect or good cause[3] that would permit such a delinquent filing of an appeal.

---

[2] The enforceability of the "Waiver of Appeal Rights" in Jaquez's plea agreement is not before the Court. *See* **Doc. 181 at ¶ 21**. In part, that's because the United States didn't raise the issue—and the Tenth Circuit does not permit a district court to *sua sponte* enforce an appeal waiver. *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc and per curiam) (explaining the Government should file a motion to enforce a waiver of rights contained in the agreement).

[3] As a corollary, the Court notes that even under Fed. R. Civ. P. 60(b) a "mistake" or "excusable neglect" do not permit a court cannot reopen a judgment beyond one year. *Kemp v. United States*, 596 U.S. 528, 531 (2022); *see also BLOM Bank SAL v. Honickman*, 605 U.S. __, 145 S. Ct. 1612, 1619 (2025).

**IT IS THEREFORE ORDERED** that Jaquez's Motion to Accept an Untimely Appeal (**Doc. 242**) is **DENIED**. The sentence imposed (**Doc. 238**) on September 3, 2021, remains in effect.

**IT IS SO ORDERED**.

/s/

_____
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE